NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3073

ROBERT E. PHILLIPS, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  July 8, 2005

_____

Before MAYER, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the United States Postal Service's (Agency) thirty-day suspension of Mr. Robert E. Phillips without pay for unauthorized use of a government-owned law enforcement vehicle (LEV).  Phillips v. United States Postal Serv., No. CH-0752-04-0660-I-1 (M.S.P.B. Oct. 15, 2004) (Decision).  Because substantial evidence supports the Board's decision, this court affirms.

On November 6, 2003, Mr. Phillips admits taking a government-owned LEV for the unauthorized purpose of shopping for a personal home computer.  After a proper investigation regarding the incident, the Agency suspended Mr. Phillips for thirty days without pay, the minimum penalty required by 31 U.S.C. § 1349(b) for the charged

offence. The Board affirmed the charges against Mr. Phillips and the penalty imposed. Decision, slip op. at 6. Mr. Phillips appeals.

By statute, this court's review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

On appeal, Mr. Phillips contends that his use of the LEV was for official use, and thus not unauthorized, because he needed to be able to use the LEV to respond to emergencies should one arise while he was shopping. He also noted that he used his personal computer for business purposes. The Board dismissed these contentions because Mr. Phillips did not show why he could not have shopped for a computer when he was off duty, particularly because he admitted having a back-up computer at home in addition to the broken computer he was shopping to replace. Decision, slip op. at 3. The Board also dismissed Mr. Phillips's contention that he needed to replace his personal computer for business purposes. Id. The record shows that the Board had good reason to make these findings. Substantial evidence supports the Board's findings that Mr. Phillips's use of the LEV was unauthorized.

Mr. Phillips also argues several procedural errors by the Agency. Because he was transferred to a different office shortly after the incident, Mr. Phillips contends that his new superior should have been the deciding official. Mr. Phillips also alleges that the Postmaster General should have issued his suspension, that the Agency failed to produce requested documents, and that his suspension was procedurally defective due

to the lapse of approximately eight months between the time of the incident and the time of the suspension. Even assuming the facts underlying these allegations in favor of Mr. Phillips, he has not shown that any of these alleged procedural errors would have changed the outcome of the statutorily mandated minimum of a thirty-day suspension. See 5 C.F.R. § 1201.56(a)(2)(iii), (b)(1), (c)(3) (2004) (requiring a showing that a procedural error was made that likely caused a different result than would have been reached in the absence or cure of the error). Consequently, Mr. Phillips's arguments of procedural error fail.

This court has considered all of Mr. Phillips's additional arguments and finds them unpersuasive. Because substantial evidence supports the Board's decision and Mr. Phillips does not show that any procedural errors resulted in an outcome that would have been different absent those errors, the Board's decision is affirmed.